UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM L. HAGAN, M.D.                                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:15-CV-00298-CRS

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY                                                              DEFENDANT

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff William L. Hagan, M.D.'s motion for an extension of time to respond to Defendant Northwestern Mutual Life Insurance Company's ("Northwestern") motion for judgment on the pleadings, ECF No. 33. Northwestern responded, ECF No. 34. Hagan did not reply.

As background, on March 26, 2015, Hagan filed his complaint in Nelson County, Kentucky Circuit Court. Compl. 1, ECF No. 1-2. Hagan alleged violations of the Kentucky Consumer Protection Act and Kentucky Unfair Claims Settlement Practices Act. *Id.* On April 20, 2015, Northwestern removed the case to this Court. Not. Removal, ECF No. 1. Northwestern then filed a motion to dismiss for failure to state a claim. Mot. Dismiss, ECF No. 9. Within the time allowed in which to file a response, Hagan moved for an extension of time to respond, citing his counsel's unusually busy trial and hearing schedule as grounds for the motion. May, 15, 2015 Mot. Extension Time, ECF No. 11. This Court granted Hagan's motion for an extension of time. May 28, 2015 Order, ECF No. 12.

Northwestern's motion to dismiss was subsequently rendered moot on March 4, 2016 by Hagan's amended complaint, which added a claim under the Employment and Retirement Income Security Act of 1974 ("ERISA"). *See* Am. Compl. 1, ECF No. 19. *See also* February 3,

1

2016 Mem. Op. 7–8, ECF No. 17; February 3, 2016 Order, ECF No. 18. The parties agreed to allow Northwestern an additional 14 days in which to answer the amended complaint. Agreed Order, ECF No. 21. Northwestern answered. Answer, ECF No. 22.

On April 3, 2017 Northwestern moved for judgment on the pleadings, ECF No. 31. Hagan was to respond by April 24, 2017. *See* LR 7.1(c). Hagan did not respond. On May 8, 2017, Northwestern filed a statement in lieu of a reply, ECF No. 32. On May 18, 2017, 24 days after the response deadline, Hagan submitted the instant motion for an extension of time, ECF No. 33.

Absent an agreed order, Local Rule 7.1(b) requires a party moving for an extension of time to "file a motion setting forth the reasons for the extension and whether other parties consent." Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Determinations of whether a party failed to act due to excusable neglect are within the district court's discretion. *See Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Turner v. City of Taylor*, 412 F.3d 629, 649 (6th Cir. 2005)). There are five factors to be balanced when making an excusable neglect determination: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

In this case, it is impossible for this Court to determine whether Hagan's delay in responding was due to excusable neglect because Hagan does not provide this Court with any

2

reasoning. Hagan's motion merely states, "Comes the Plaintiff, William L. Hagan, M.D., by counsel, and moves this Court to grant him twenty (20) days within which to respond to the Defendant's motion for judgment on the pleadings." Mot. Extension Time, ECF No. 33. Hagan provides this Court with nothing further. Hagan also failed to reply to Northwestern's detailed response opposing the motion for extension of time. Hagan's failure to provide reasons why this Court should grant his motion for an extension of time does not follow Local Rule 7.1(b) and provides this Court with no good cause to grant his motion under Federal Rule of Civil Procedure 6(b)(1).

But this Court prefers to adjudicate cases on the merits rather than procedural technicalities. *See Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003). As such, the Court will allow Hagan 21 days from entry of this order to supplement his motion for an extension of time and bring it into compliance with Local Rule 7.1(b). In his supplemental brief, Hagan may articulate the reasons behind his motion. If nothing is filed within 21 days, the Court will deny Hagan's motion for an extension of time.

**IT IS SO ORDERED**.

June 9, 2017

Charles R. Simpson III, Senior Judge
United States District Court