UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM L. HAGAN, M.D.                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:15-CV-00298-CRS

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions. First, Plaintiff William L. Hagan, M.D. moves for an extension of time to respond to Defendant Northwestern Mutual Life Insurance Company's ("Northwestern") motion for judgment on the administrative record, ECF No. 33. Northwestern responded, ECF No. 34. Hagan did not reply. Second, Northwestern moves to strike Hagan's response to Northwestern's motion for judgment on the administrative record, ECF No. 39. The Court will begin by addressing Hagan's motion for an extension of time.

In his original motion for an extension of time, Hagan did not provide the Court with any reasons for the extension. *See* Mot. Extension, ECF No. 33. This Court allowed Hagan 21 additional days to supplement his motion for an extension of time. Mem. Op. & Order, ECF No. 35. Hagan filed a supplemental memorandum within 21 days. Suppl. Mem., ECF No. 36. Hagan's counsel explained that he had been involved in a high-profile and time-consuming case, which "backed [his] workload up for two months." *Id.* at 1–2. As a result of this delay, counsel claims he was not aware of Northwestern's motion for judgment on the administrative record until May 8, 2017. *Id.* at 2. He asserts that once he became aware of this error, he filed Hagan's motion for an extension within ten days. *Id.*

1

Northwestern responded to Hagan's supplemental memorandum. Resp. Opp. Suppl. Mem., ECF No. 37. Northwestern argues that Hagan's motion should be denied because the supplemental memorandum fails to satisfy the "excusable neglect" standard. *Id.* ¶ 11. Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Because Hagan filed his motion for an extension of time after the deadline for responding had already passed, the excusable neglect standard applies.

Determinations of whether a party failed to act because of excusable neglect are within the district court's discretion. *See Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Turner v. City of Taylor*, 412 F.3d 629, 649 (6th Cir. 2005)). There are five factors to be balanced when making an excusable neglect determination: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Considering the five factors, first, there is little danger of prejudice to Northwestern if the Court grants Hagan's motion for an extension of time. Northwestern argues that an extension would have a "domino effect" because it would strain its counsel's ability to comply with briefing schedules in other cases. Resp. Opp. Suppl. Mem. 3, ECF No. 37. The Court is not persuaded that allowing Hagan to file his response would unduly prejudice counsel for Northwestern. Hagan filed his response on July 7, 2017. Resp. Mot. J. Pleadings, ECF No. 38.

Northwestern need only reply to the response for resolution of its motion for judgment on the administrative record. The Court does not consider this to be an overwhelming burden.

Second, the length of delay is not outlandish and its impact on these judicial proceedings is nonexistent. Hagan filed his response on July 7, 2017, which is 74 days after his response was due on April 24, 2017. But there are no impending court dates. And if the Court were to grant Hagan's motion, it would not cause further delays in the progression of this case. Rather, it would only provide the Court with a more thorough analysis of Northwestern's motion for judgment on the administrative record.

As to the third, fourth, and fifth factors, Hagan's counsel has provided a reason for the delay. Hagan's counsel asserts that because of his work on a high-profile and time-consuming case, he was not aware of Northwestern's motion until after the response deadline had elapsed. Suppl. Mem. 2, ECF No. 36. Thus, had Hagan's counsel been more attentive to his email, he could have prevented this delay. While it is true that the delay was within the reasonable control of the moving party, there is no indication here that Hagan or his counsel failed to act in good faith by belatedly filing the motion for an extension of time. While Hagan's counsel could have acted with greater diligence, there is no evidence of bad faith.

In sum, four out of five factors weigh in favor of finding that Hagan's delay amounted to excusable neglect. The Court additionally notes that it prefers to adjudicate cases on the merits rather than procedural technicalities. *See Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003). The Court will grant Hagan's motion for an extension of time. The Court will consider the arguments made in Hagan's response filed on July 7, 2017 in its analysis of Northwestern's motion for judgment on the administrative record.

After Hagan filed his response to Northwestern's motion for judgment on the administrative record, Northwestern moved to strike the response. Mot. Strike, ECF No. 39. Northwestern argues that Hagan's response was improperly filed without leave of the Court. Mem. Supp. Mot. Strike 2, ECF No. 39-1. But it is not unusual for a party to submit a pleading pending the Court's approval on a motion like this. Moreover, given that the Court is granting Hagan's motion for an extension of time, the Court will deny Northwestern's motion to strike as moot.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that Hagan's motion for an extension of time (DN 33) is **GRANTED**.

Additionally, **IT IS HEREBY ORDERED AND ADJUDGED** that Northwestern's motion to strike Hagan's response (DN 39) is **DENIED** as moot. Northwestern has 14 days from entry of this memorandum opinion and order in which to reply to Hagan's response.[1]

**IT IS SO ORDERED**.

August 4, 2017

Charles R. Simpson III, Senior Judge
United States District Court

---

[1] In its motion to strike, Northwestern requested that, in the event that this Court grants Hagan's motion for an extension, the Court allow Northwestern 21 days in which to reply. Mot. Strike ¶ 7, ECF No. 39. Seeing no reason that Northwestern needs more than the standard 14 days in which to file a reply, the Court will allow Northwestern 14 days. *See* Local Rule 7.1(c).